IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:06-CV-00240-FL

| | | |
|---|---|---|
| DAVITA HARRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | | |

This matter came before the court on plaintiff's motion for judgment on the pleadings (DE #13), defendant's motion for judgment on the pleadings (DE #17), and the memorandum and recommendation ("M&R") of United States Magistrate Judge James E. Gates. (DE #19). Defendant objected to the M&R (DE #20), the time for response has expired, and the matter is ripe for ruling. For the following reasons, the court adopts the magistrate judge's recommendation and grants plaintiff's motion, denies defendant's motion, and remands for further proceedings consistent with this order.

STATEMENT OF THE CASE

Plaintiff applied for disability insurance benefits and supplemental security income on November 17, 2003, alleging a disability onset of April 15, 2000. Tr. 75, 262. Plaintiff's claims were denied initially on February 9, 2004, Tr. 65, and upon reconsideration on April 8, 2004. Tr. 68. Plaintiff requested a hearing before an administrative law judge ("ALJ"), Tr. 71, which was held on December 27, 2004. Tr. 27. On June 14, 2005, the ALJ issued an unfavorable decision, denying

all benefits. Tr. 8. On August 29, 2006, the appeals council denied plaintiff's request for review, making the ALJ's decision the final decision of the agency. Tr. 4. On November 15, 2006, plaintiff brought the instant action.

STATEMENT OF THE FACTS

The following facts are not in dispute: plaintiff has a medical history of Crohn's disease and irritable bowel syndrome. Tr. 14. On February 10, 2000, plaintiff underwent surgery for evacuation of perianal abscesses. Tr. 15, 131. Although she tolerated the surgery well, since that time plaintiff has had chronic problems with perianal infection and fistula disease. Tr. 15. Plaintiff also has a history of hypertension and in 2003 was diagnosed with mild valvular heart disease. Tr. 243-246. Between August and November of 2005, plaintiff participated in a study focused on Crohn's disease, depression, and the anti-depressant medication Lexapro. Tr. 256, 34. After the study ended, plaintiff continued taking Lexapro, which, she has reported, relieves some of her depression. Tr. 248.

Plaintiff has a Bachelor of Science degree in clothing and textiles from North Carolina AT&T State University in Greensboro, North Carolina. Tr. 32. She has held a variety of relatively skilled positions including census crew leader, Tr. 34, disability claims specialist, Tr. 35, and onsite manager for an apartment complex. Tr. 34. Plaintiff now claims that the combination of symptoms related to her Crohn's disease, other medical problems, and depression, is disabling, and makes her no longer employable. Tr. 34-43. Plaintiff was not represented at the administrative hearing. Tr. 29. Although she indicated at onset of the hearing that she did not need a representative, id., plaintiff later expressed concern that she was inadequately prepared. Tr. 7, 35.

In her motion for judgment on the pleadings, plaintiff contends that the ALJ erred by not determining the severity of plaintiff's depression and by making inconsistent findings regarding plaintiff's residual functional capacity ("RFC"). She also urges error occurred when the ALF failed

2

to give any rationale for either RFC she assigned to plaintiff, found that plaintiff's work as a census crew leader was past relevant work, and failed to reconcile inconsistencies between the vocational expert's ("VE") testimony and the Dictionary of Occupational Titles ("DOT"). Error occurred, too, she urges, when the ALF failed fully to develop the record, and failed to provide any basis for her credibility determination.

In its motion for judgment on the pleadings, defendant contends that plaintiff's mental impairment is not severe. Defendant also contends that substantial evidence supports a finding of medium work, the ALJ adequately explained her credibility determination, and the plaintiff's depression is not a medically determinable impairment. Defendant urges, too, that plaintiff did not meet her burden of proving that she is incapable of performing her prior work, no conflict existed between the DOT and VE testimony, and the ALJ only made one RFC finding. In all respects, defendant contends, the ALJ adequately developed the record.

## DISCUSSION

A.  Standard of Review

The court may "designate a magistrate . . . to conduct hearings, including evidentiary hearings, and submit to a judge of the court proposed findings of fact and recommendations for disposition" of a variety of motions, including motions for judgment on the pleadings. 28 U.S.C. § 636(b)(1)(A)-(B). "The magistrate . . . shall file his proposed findings and recommendations . . . with the court[.]" 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. The court is obligated to make *de novo* determinations of those portions of the M&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); see also Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

3

This court is authorized to review the Commissioner's denial of benefits under 42 U.S.C. sections 405(g) and 1383(c)(3). It must uphold the findings of an ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard. 42 U.S.C. § 405(g); Craig v. Chater, 76 F.3d 585, 589 (4th. Cir. 1996) (superseded by statute on other grounds). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).

In its inquiry, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Craig, 76 F.3d at 589). "Ultimately, it is the duty of the administrative law judge reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence applied in the context of the correct legal standard. Id. With these principles in mind, and having benefit of the M&R, the court turns to the arguments at hand.

B.  Analysis

In his M&R, Magistrate Judge Gates recommended that the case be remanded for further proceedings. Specifically, he recommended that the ALJ further develop the record of and apply the proper legal standard to plaintiff's claim of mental impairment secondary to depression. He also found error in the ALJ's determination, at step four, that plaintiff's previous work as a census crew leader did constitute substantial gainful activity where, at step one, the ALJ found that the same previous work did not constitute substantial gainful activity. Defendant objected to the M&R on two bases, each of which is addressed below.

4

With respect to plaintiff's alleged mental impairment, defendant contends that plaintiff's depression does not constitute a mental impairment and therefore, no expansion of the record is necessary; that the ALJ made legitimate and fruitful attempts to obtain additional medical records, fulfilling her duty to develop the record; and that plaintiff's depression, having responded positively to medication, does not affect her employability.

Defendant's arguments give short shrift to the magistrate judge's considered analysis. At the hearing, the ALJ indicated that she would develop the record by obtaining documentation from the mental health care providers who had treated plaintiff in the past, but no such evidence is present in the record. Despite the fact that the ALJ had ample time after hearing to obtain such records, and had taken note of the names of the parties who had treated plaintiff for depression, no mention of such records is made in the ALJ's written decision. What the magistrate judge determined is that the ALJ had a duty either to obtain the records or "to set out [in her written decision] the reasonable efforts made to obtain them." M&R at 13. Absent such justification, the court is unable to determine whether the ALJ fulfilled her basic duty properly to consider all of the reasonably available evidence. The magistrate judge also found no evidence that the ALJ had applied the correct, two step, legal standard for assessing mental impairment, and that a consultative evaluation might be necessary. Id.

In short, it was the magistrate judge's assessment that remand was appropriate so that the ALJ could give adequate consideration to plaintiff's colorable claim of mental impairment. This court concurs in that assessment. The record contains numerous references to plaintiff's depression. See, e.g., Tr. 38, 207, 226, 228, 248, 256, 257. Such references consist primarily of comments made in passing by plaintiff's medical care providers. In one case, plaintiff reported suicidal ideation due to pain. Tr. 248. In another, her physician pondered whether "her symptoms are related to her

5

Crohn's disease, depression, or other disease." Tr. 257. Plaintiff participated in a study related to Crohn's disease and depression. Tr. 256. Nonetheless, it appears that the ALJ neither obtained plaintiff's mental health care records nor considered depression in determining plaintiff's RFC or her capacity to perform her past relevant work. See Tr. 13-18.

"The ALJ has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely only on the evidence submitted by the claimant when that evidence is inadequate." Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986). The ALJ also has a duty to consider the impact of the "combined effect" of all impairments. Id. In the absence of records that should be readily available regarding the degree, or lack thereof, of mental impairment suffered by plaintiff, the ALJ was unable properly to justify her decision. The court therefore remands for further proceedings as recommended by the magistrate judge and as more fully described in the M&R.

Defendant next contends that the ALJ's inconsistent determination that, at step one, the census crew leader position did not represent substantial gainful activity while at step four, by implication, it did, was harmless error because the ALJ's alternative finding at step five justified the same outcome. The magistrate judge anticipated just such an argument when he wrote:

> One could argue that such error would be harmless if the alternative step five analysis the ALJ performed were proper. On the other hand, if the court were to uphold the past relevant work findings at step four, and specifically the implicit finding that plaintiff's work as a census supervisor in 2000 was substantial gainful activity, the finding at step one, at least for 2000, would arguably be erroneous. The effect of that determination would be to eliminate 2000 as a year for which plaintiff could be found disabled. The court cannot discern a principled basis upon which it may select which two of the inconsistent determinations by the ALJ should prevail.

M&R at 20. This court concurs in the magistrate judge's reasoning.

Here, whether harmless or not, the ALJ has made an error that renders her decision internally

6

inconsistent. It is the province of the ALJ to weigh the evidence and apply the correct legal standard. Mastro, 270 F.3d at 176; see also Hays, 907 F.2d at 1456. This court is confined to determining whether substantial evidence supports the ALJ's determination and whether the correct legal standard was applied. Id. Where the statutory scheme in question calls for an agency determination, a finding of error supports remand because "a judicial judgment cannot be made to do service for an administrative judgment." SEC v. Chenery Corp., 318 U.S. 80, 88 (1943); see also I.N.S. v. Ventura, 537 U.S. 12, 16 (2002)(per curiam). On remand, the court requires the ALJ to revisit and reconcile her findings regarding plaintiff's work as a census crew leader and substantial gainful employment.

## CONCLUSION

After a careful review of the record, the court adopts the M&R, and in accordance with that submission and this order of the court, defendant's motion for judgment on the pleadings is DENIED, plaintiff's motion for judgment on the pleadings is GRANTED, and the case is REMANDED for further proceedings. The clerk is directed to CLOSE this case.

SO ORDERED, this the 31st day of March, 2008.

LOUISE W. FLANAGAN
Chief United States District Judge